**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3476
_____

J.H. GROUP, LLC, d/b/a OCEAN ROLLING CHAIRS;
JOHN TAIMANGLO; STEPHANIE TAIMANGLO,
                                                            Appellants

v.

ROYAL ROLLING CHAIRS, LLC; WILLIAM BOLAND; GARY HILL;
JOHN SCHULTZ; CITY OF ATLANTIC CITY; JOHN DOES(S) A-K;
JANE DOE(S) A-K, being present and former counsel persons known or unknown on
behalf of ATLANTIC CITY with regard to any and all control, supervisor, monitoring
the rolling chair business on behalf of ATLANTIC CITY; THEODORE GARRY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 11-cv-01595)
District Judge:  Honorable Joseph H. Rodriguez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2013

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: May 17, 2013)
_____

OPINION
_____

PER CURIAM

John and Stephanie Taimanglo, proceeding pro se, appeal an order of the United States District Court for the District of New Jersey dismissing their complaint under the doctrine of judicial estoppel. For the reasons that follow, we will affirm the judgment of the District Court.

The Taimanglos filed a complaint through counsel in District Court pursuant to 42 U.S.C. § 1983 claiming that the City of Atlantic City, Royal Rolling Chairs, LLC, and other defendants conspired to destroy their business, Ocean Rolling Chairs, through unnecessary inspections and other unfair treatment. The Taimanglos averred that Ocean Rolling Chairs d/b/a J.H. Group, LLC is a legal organization that operates the business of providing rolling chairs on the Atlantic City boardwalk. The business leases rolling chair equipment to independent contractors. The Taimanglos averred that they are the sole stockholders and sole members of Ocean Rolling Chairs and J.H. Group and the sole owners of all interest in J.H. Group.[1]

Royal Rolling Chairs and the City of Atlantic City moved to dismiss the complaint under the doctrine of judicial estoppel, asserting that the Taimanglos made inconsistent statements in a bankruptcy petition filed in the United States Bankruptcy Court for the District of New Jersey five months after filing their complaint. The Taimanglos attested in their bankruptcy filings that they had no income from the operation of business, that

_____

[1] J.H. Group, LLC d/b/a Ocean Rolling Chairs was a party to the complaint but is not participating in this appeal.

2

their income was wage income, that they did not own more than five percent of the voting or equity securities of a business, and that they were not self-employed full or part-time. The Taimanglos attested they did not own any stock and interest in incorporated and unincorporated businesses or interest in partnerships or joint ventures. They also declared that they had no contingent and unliquidated claims and that they owned no office equipment, furnishings, or supplies used in business.

After a hearing, the District Court ruled that the Taimanglos were judicially estopped from bringing their present action. Applying the factors in Krystal Cadillac-Oldsmobile GMC Truck Inc. v. General Motors Corp., 337 F.3d 314, 319 (3d Cir. 2003), the District Court found that the Taimanglos had taken inconsistent positions by failing to disclose their business and the present lawsuit in their bankruptcy petition while at the same time bringing this suit based on their ownership of Ocean Rolling Chairs. The District Court found that the nature and frequency of the inconsistencies established bad faith, noting that the financial problems in the rolling chair business were the impetus to filing for bankruptcy. Although the bankruptcy petition was ultimately dismissed, the District Court found that dismissal of the Taimanglos' § 1983 action was appropriate because a lesser sanction would send a message that a debtor should disclose assets only if he is caught hiding them. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision for abuse of discretion. Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 780 (3d Cir. 2001).

3

As recognized by the District Court, the "basic principle of judicial estoppel . . . is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." Krystal, 337 F.3d at 319 (quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 358 (3d Cir. 1996)). The Taimanglos do not dispute the District Court's finding that they took inconsistent positions in their bankruptcy filings and in this case. Their sole argument on appeal is that they gave their bankruptcy attorney all information about their income, assets, and pending lawsuits and that their attorney neglected to include this information in their bankruptcy filings.[2]

The District Court rejected this argument, stating that the fact that the Taimanglos gave documents to their attorney did not relieve them of their obligation for candor to the bankruptcy court. We agree. Other courts of appeals have upheld the application of the judicial estoppel doctrine where a party, who had knowledge of an undisclosed claim and had motive to conceal it, argued that his or her attorney was responsible for the non-disclosure. See, e.g., Barger v. City of Cartersville, GA, 348 F.3d 1289, 1295 (11th Cir. 2003); In re Coastal Plains, 179 F.3d 197, 212 (5th Cir. 1999). The Taimanglos do not challenge the District Court's findings that they had knowledge of their present claim when they filed for bankruptcy and that they had a motive to shield their assets.

---

[2]We do not consider the correspondence attached to the Taimanglos' brief, which is not part of the District Court record. See In re Capital Cities/ABC Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) (noting court cannot consider material on appeal that is outside the district court record).

Accordingly, we will affirm the judgment of the District Court.